IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| Lyndsey M. Knighten, an Oregon resident, | Case No. |
| Plaintiff, | |
| v. | COMPLAINT |
| Creditors Collection Service, Inc., an Oregon corporation; Mary's Peak Emergency Physicians, P.C., an Oregon professional corporation; Morley Thomas, LLC dba The Morley Thomas Law Firm, an Oregon limited liability corporation; Jessica K. Meyer, an Oregon resident; and Abbe E. Montgomery, MD, an Oregon resident, | Fee Authority: ORS 21.160<br>DAMAGES: $ 525,000<br><br>CLAIM NOT SUBJECT TO<br>MANDATORY ARBITRATION<br><br>Jury Trial Requested |
| Defendants. | |

Plaintiff Lyndsey M. Knighten ("Plaintiff") states her claims as follows:

**PARTIES & VENUE**

1. Plaintiff Lyndsey M. Knighten is an Oregon resident. On September 27, 2015, she was raped by someone known to her. On September 27, 2015, Plaintiff was treated in the emergency department at the Good Samaritan Regional Medical Center in Corvallis, Oregon. This case arises out of the unlawful collection efforts over a bill for part of that treatment.

2. Defendant Creditors Collection Service, Inc. ("Defendant Collection Service") is an Oregon for-profit corporation with sustained, continuous business activity in Multnomah County, Oregon.

PAGE 1 OF 12 – COMPLAINT

3. Defendant Mary's Peak Emergency Physicians, P.C. ("Defendant Mary's Peak") is an Oregon professional corporation with sustained, continuous business activity and a registered agent for service of process in Multnomah County, Oregon.

4. Defendant Morley Thomas, LLC dba The Morley Thomas Law Firm ("Defendant Morley Thomas") is an Oregon limited liability corporation with sustained, continuous business activity in Multnomah County, Oregon.

5. Jessica K. Meyer ("Defendant Meyer") is an Oregon resident and an active member of the Oregon State Bar, OSB ID No. 053242.

6. Abbe E. Montgomery, MD ("Defendant Montgomery") is an Oregon resident and a licensed Oregon physician specializing in emergency medicine.

7. Defendant Mary's Peak acted as agent for Defendant Montgomery. Defendant Mary's Peak acts and omissions were done within the course and scope of its agency relationship to Defendant Montgomery.

8. Defendant Collection Service acted as agent for Defendant Mary's Peak and Defendant Montgomery. Defendant Collection Service's acts and omissions were done within the course and scope of its agency relationship to Defendant Mary's Peak and Defendant Montgomery.

9. Defendant Morley Thomas acted as agent for Defendant Collection Service, Defendant Mary's Peak, and Defendant Montgomery. Defendant Morley Thomas's acts and omissions were done within the course and scope of its agency relationship to Defendant Collection Service, Defendant Mary's Peak, and Defendant Montgomery.

10. Defendant Meyer acted as agent for Defendant Morley Thomas, Defendant Collection Service, Defendant Mary's Peak, and Defendant Montgomery. Defendant Meyer's acts and omissions were done within the course and scope of its agency relationship to Defendant Morley Thomas, Defendant Collection Service, Defendant Mary's Peak, and

PAGE 2 OF 12 – COMPLAINT

Defendant Montgomery.

11. Defendants and each of them acted in concert or pursuant to a common design or scheme in committing the tortious acts and omissions alleged below.

12. Defendant Mary's Peak and Defendant Montgomery, knew that they had breached duties owed to Plaintiff and provided substantial assistance and encouragement to Defendant Meyer, Defendant Morley Thomas, and Defendant Collection Service.

13. There existed a special relationship between Plaintiff and Defendant Montgomery in that Defendant Montgomery was Plaintiff's treating physician.

## FACTS COMMON TO ALL CLAIMS

14. On September 27, 2015, Plaintiff visits the emergency department at the Good Samaritan Regional Medical Center ("Good Samaritan") in Corvallis, Oregon to have a Complete Medical Assessment performed after a sexual assault. OAR 137-084-0001(8).

15. Plaintiff indicated to her Eligible Medical Service Provider that she wanted a completed Application Form submitted to the State of Oregon's Sexual Assault Victims' Emergency Medical Response Fund ("SAVE Fund"). OAR 137-084-0010(1).

16. Plaintiff is told that she will not have to pay the costs associated with her Complete Medical Examination.

17. Good Samaritan submits the Application Form along with bills to the SAVE Fund for payment.

18. Good Samaritan does not submit bills for Defendant Montgomery to the SAVE Fund.

19. Defendant Montgomery and Defendant Mary's Peak do not submit Defendant Montgomery's bills to the SAVE Fund.

20. Because Plaintiff completed the application form, and otherwise complied with Oregon laws and regulations, Oregon law required Defendant Montgomery to submit

PAGE 3 OF 12 – COMPLAINT

1  her bills to the SAVE Fund before billing Plaintiff for her Medical Examination. ORS
2  147.397(4).

3      21.    On May 9, 2016, Plaintiff receives a collections letter from Defendant
4  Collection Service for a debt owed to Defendant Mary's Peak in the amount of $281.25.

5      22.    On June 1, 2016, Defendant Collection Service filed a complaint in Circuit
6  Court for Benton County, Small Claims Department, claiming $365.17 for services rendered
7  by Mary's Peak ER Physicians on September 27, 2015, along with fees and costs.

8      23.    On August 12, 2016, a default judgment was entered against Plaintiff in the
9  amount of $465.17.

10     24.    On August 17, 2016, Plaintiff receives a collections letter from Defendant
11 Collection Service for a debt owed to Defendant Mary's Peak in the amount of $465.74.

12     25.    Plaintiff communicates with Defendant Collection Service, telling them that
13 she was a sexual assault victim.

14     26.    Plaintiff applies to the Crime Victims' Compensation Program to have the
15 Defendant Mary's Peak debt paid.

16     27.    On February 23, 2017, Defendant Meyer files a Writ of Garnishment in the
17 Circuit Court for the County of Benton.

18     28.    Plaintiff and Plaintiff's sister make repeated attempts to speak with Defendant
19 Meyer to explain that Plaintiff is a sexual assault victim and that the debt is not owned.
20 Defendant Meyer refuses to speak with them.

21     29.    Defendant Meyer attaches the garnishment to Plaintiff's bank account. To
22 prevent wiping out Plaintiff's enter checking account balance, Plaintiff's sister pays the
23 amount in full.

24
25
26 PAGE 4 OF 12 – COMPLAINT

## FIRST CLAIM FOR RELIEF

## INVASION OF PRIVACY/INTRUSION UPON SECLUSION

30. Plaintiff realleges paragraphs 1 through 29 as if fully set forth herein.

31. Defendants' conduct intentionally intruded on Plaintiff's solitude, seclusion and privacy.

32. Defendants' conduct was highly offensive to Plaintiff and would be highly offensive to a reasonable person.

33. Defendants acted with malice or willful intent to injure plaintiff.

34. Defendants' conduct caused Plaintiff to suffer damages and continues to suffer damages including invasion of privacy, intrusion of her solitude and seclusion, emotional distress, frustration, mental anguish, pain and suffering and interference with normal and usual activities for which she seeks damages in an amount to be determined by the jury, not to exceed $75,000.

## SECOND CLAIM FOR RELIEF

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

35. Plaintiff realleges paragraphs 1 through 29 as if fully set forth herein.

36. Defendants intended to inflict severe emotional distress upon Plaintiff;

37. Defendants' acts caused Plaintiff severe emotional distress; and

38. Defendants' acts exceeded the reasonable limit of social toleration.

39. Defendants' conduct caused Plaintiff to suffer damages and continues to suffer damages including invasion of privacy, intrusion of her solitude and seclusion, emotional distress, frustration, mental anguish, pain and suffering and interference with normal and usual activities for which she seeks damages in an amount to be determined by the jury, not to exceed $75,000.

## THIRD CLAIM FOR RELIEF

## NEGLIGENCE

40. Plaintiff realleges paragraphs 1 through 29 as if fully set forth herein.

41. Defendants' conduct caused a foreseeable risk of harm by failing to seek payment under the SAVE Fund, by demanding payment from Plaintiff notwithstanding her request that the bill be submitted for payment under the SAVE Fund, by filing suit against Plaintiff notwithstanding her request that the bill be submitted for payment under the SAVE Fund, by issuing a writ of garnishment notwithstanding Plaintiff's request that the bill be submitted for payment under the SAVE Fund, and by refusing to speak with Plaintiff or her sister in response to their request that the bill be submitted for payment under the SAVE Fund.

42. The risk is to an interest of a kind that the law protects against negligent invasion.

43. Defendants' conduct was unreasonable in light of the risk.

44. Defendants' conduct was a cause of Plaintiff's harm.

45. Plaintiff was within the class of persons and plaintiff's injury was within the general type of potential incidents and injuries that made Defendants' conduct negligent.

46. Defendants' conduct caused Plaintiff to suffer damages and continues to suffer damages including invasion of privacy, intrusion of her solitude and seclusion, emotional distress, frustration, mental anguish, pain and suffering and interference with normal and usual activities for which she seeks damages in an amount to be determined by the jury, not to exceed $75,000.

## FOURTH CLAIM FOR RELIEF

## GROSS NEGLIGENCE

47. Plaintiff realleges paragraphs 1 through 29 as if fully set forth herein.

48. Defendants' conduct evinced a conscious indifference to or reckless disregard of the rights of others, including Plaintiff.

49. Defendants' conduct caused Plaintiff to suffer damages and continues to suffer damages including invasion of privacy, intrusion of her solitude and seclusion, emotional distress, frustration, mental anguish, pain and suffering and interference with normal and usual activities for which she seeks damages in an amount to be determined by the jury, not to exceed $75,000.

## FIFTH CLAIM FOR RELIEF
## UNLAWFUL TRADE PRACTICES ACT
## (ORS 646.605 et seq.)

50. Plaintiff realleges paragraphs 1 through 29 as if fully set forth herein.

51. The services at issue in this case were obtained primarily for personal, family or household purposes.

52. Defendants, acting on their behalf, acting within the course and scope of their agency, and/or acting in concert, and acting in the course of their respective business, vocation or occupation willfully violated the Unlawful Trade Practices Act in the following ways:

    a. Making false or misleading representations concerning credit availability or the nature of the transaction or obligation incurred, in violation of ORS 646.608(1)(k); and

    b. Making false or misleading representations of fact concerning the offering price of, or the person's cost for real estate, goods or services, in violation of ORS 646.608(1)(s).

53. As a result of Defendants' conduct, Plaintiff suffered an ascertainable loss in the form of money paid by her sister to Defendants. Defendants' conduct caused Plaintiff to

PAGE 7 OF 12 – COMPLAINT

suffer damages and continues to suffer damages including invasion of privacy, intrusion of her solitude and seclusion, emotional distress, frustration, mental anguish, pain and suffering and interference with normal and usual activities for which she seeks damages in an amount to be determined by the jury, not to exceed $75,000.

54. Plaintiff is entitled to recover her reasonable attorney fees pursuant to ORS 646.638.

## SIXTH CLAIM FOR RELIEF
## UNLAWFUL DEBT COLLECTION PRACTICES ACT
## (ORS 646.639 et seq.)

55. Plaintiff realleges paragraphs 1 through 29 as if fully set forth herein.

56. Plaintiff is a "consumer" because she is a natural person who purchases or acquired services or credit for personal, family or household purposes.

57. This action involves a "consumer transaction" because it involves transaction between a consumer and a person who sells services to consumers.

58. This action involves a "debt" because it involves an obligation or alleged obligation arising out of a consumer transaction.

59. Defendants are "commercial creditors" because they are persons who in the ordinary course of business engage in consumer transactions.

60. Defendants are "debt collectors" because they are persons who by any direct or indirect action, conduct or practice, enforce or attempt to enforce an obligation that is owed or due to any commercial creditor, or alleged to be owed or due to any commercial creditor, by a consumer as a result of a consumer transaction.

61. Defendants, acting on their behalf, acting within the course and scope of their agency, and/or acting in concert, and collecting or attempting to collect a debt, willfully violated the Unlawful Debt Collection Practices Act by attempting to enforce a right or

PAGE 8 OF 12 – COMPLAINT

1  remedy with knowledge or reason to know that the right or remedy does not exist, or threaten
2  to take any action which the debt collector in the regular course of business does not take, in
3  violation of ORS 646.639(2)(k).

4      62.    As a result of Defendants' conduct, Plaintiff was injured in the form of money
5  paid by her sister to Defendants. Defendants' conduct caused Plaintiff to suffer damages and
6  continues to suffer damages including money paid by her sister to Defendants, invasion of
7  privacy, intrusion of her solitude and seclusion, emotional distress, frustration, mental
8  anguish, pain and suffering and interference with normal and usual activities for which she
9  seeks damages in an amount to be determined by the jury, not to exceed $75,000.

10      63.    Plaintiff is entitled to recover her reasonable attorney fees pursuant to ORS
11  646.641.

## SEVENTH CLAIM FOR RELIEF

## FAIR DEBT COLLECTION PRACTICES ACT

## (15 U.S.C. § 1692 et seq.)

15      64.    Plaintiff realleges paragraphs 1 through 29 as if fully set forth herein.
16      65.    Plaintiffs are "consumers" as defined by the Fair Debt Collection Practices
17  Act ("FDCPA"), 15 U.S.C. § 1692a.
18      66.    Defendants Creditors Collection Service, Inc., Morley Thomas, LLC dba The
19  Morley Thomas Law Firm, and Jessica K. Meyer are "debt collectors" within the meaning of
20  15 U.S.C. § 1692a.
21      67.    The alleged debt at issue is a "debt" within the meaning of 15 U.S.C. § 1692a.
22      68.    Defendants Creditors Collection Service, Inc., Morley Thomas, LLC dba The
23  Morley Thomas Law Firm, and Jessica K. Meyer violated the Fair Debt Collection Practices
24  Act in the following ways:

26  PAGE 9 OF 12 – COMPLAINT

a. Engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d;

b. The use of deceptive means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692e;

c. Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f.

69. As a result of Defendants Creditors Collection Service, Inc., Morley Thomas, LLC dba The Morley Thomas Law Firm, and Jessica K. Meyer's violations of the Fair Debt Collection Practices Act, Plaintiff was damaged in the form of money paid by her sister to Defendants. Defendants' conduct caused Plaintiff to suffer damages and continues to suffer damages including invasion of privacy, intrusion of her solitude and seclusion, emotional distress, frustration, mental anguish, pain and suffering and interference with normal and usual activities for which she seeks damages in an amount to be determined by the jury, not to exceed $75,000.

70. Plaintiffs are entitled to statutory damages of $1,000, pursuant to 15 U.S.C. 1692k.

71. Plaintiffs are entitled to their reasonable attorney fees, pursuant to 15 U.S.C. § 1692k.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Lyndsey M. Knighten prays for Judgment against Creditors Collection Service, Inc., Mary's Peak Emergency Physicians, P.C., Morley Thomas, LLC dba The Morley Thomas Law Firm, Jessica K. Meyer, and Abbe E. Montgomery, MD:

1. On Plaintiff's First Claim for Relief:

PAGE 10 OF 12 – COMPLAINT

1      a. Damages in an amount to be determined by the jury, not to exceed
2         $75,000
3      b. Costs and disbursements incurred herein.
4   2. On Plaintiff's Second Claim for Relief:
5      a. Damages in an amount to be determined by the jury, not to exceed
6         $75,000
7      b. Costs and disbursements incurred herein.
8   3. On Plaintiff's Third Claim for Relief:
9      a. Damages in an amount to be determined by the jury, not to exceed
10        $75,000
11     b. Costs and disbursements incurred herein.
12  4. On Plaintiff's Fourth Claim for Relief:
13     a. Damages in an amount to be determined by the jury, not to exceed
14        $75,000
15     b. Costs and disbursements incurred herein.
16  5. On Plaintiff's Fifth Claim for Relief:
17     a. Damages in an amount to be determined by the jury, not to exceed
18        $75,000
19     b. Attorney fees, costs and disbursements incurred herein.
20  6. On Plaintiff's Sixth Claim for Relief:
21     a. Damages in an amount to be determined by the jury, not to exceed
22        $75,000
23     b. Attorney fees, costs and disbursements incurred herein.
24  7. On Plaintiff's Seventh Claim for Relief:
25     a. Damages in an amount to be determined by the jury, not to exceed

PAGE 11 OF 12 – COMPLAINT

$75,000

  b. Attorney fees, costs and disbursements incurred herein.

8. Trial by jury is requested.

9. Plaintiff hereby gives notice that she intends to seek leave to amend the complaint to allege entitlement to recover punitive damages on all applicable claims for relief.

DATED: May 5, 2017.

        BAXTER & BAXTER, LLP

        By: /s/ Justin M. Baxter
         Justin M. Baxter, OSB No. 992178
         8835 SW Canyon Lane, Suite 130
         Portland, Oregon 97225
         Phone: (503) 297-9031
         Email: justin@baxterlaw.com

        NICK KAHL, LLC

        Nicholas A. Kahl, OSB #101145
        NICK KAHL, LLC
        209 SW Oak Street, Suite 400
        Portland, OR 97204
        Tel: 971-634-0829
        Fax: 503-227-6840
        nick@nickkahl.com

        Trial Attorney:

        By: /s/ Justin M. Baxter
         Justin M. Baxter, OSB No. 992178
         8835 SW Canyon Lane, Suite 130
         Portland, Oregon 97225
         Phone: (503) 297-9031
         Email: justin@baxterlaw.com

        Nicholas A. Kahl, OSB #101145
        NICK KAHL, LLC
        209 SW Oak Street, Suite 400
        Portland, OR 97204
        Tel: 971-634-0829
        Fax: 503-227-6840
        nick@nickkahl.com

PAGE 12 OF 12 – COMPLAINT